LF:DCW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

WESLEY JONES,
   also known as
   "Tayquan Johnes,"

        Defendant.

- - - - - - - - - - - - - - - - -X

**M-10-898**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C.,
§ 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

      RAY MARTINEZ, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), Gun Enhancement Unit, duly appointed according to law and acting as such.

      Upon information and belief, on or about August 1, 2010, within the Eastern District of New York, the defendant WESLEY JONES, also known as "Tayquan Johnes," having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Hi-Point .40 caliber semi-automatic pistol, and ammunition.

      (Title 18, United States Code, Section 922(g)(1)).

1

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Detective with the NYPD Gun Enhancement Unit for approximately four years. My information in this case comes from reviews of records of the NYPD, conversations with NYPD officers, and other official records of government agencies.

2. On or about August 1, 2010, at approximately 2:39 a.m., NYPD Officers Robert Mayer and David Grieco, and NYPD Sergeant Florencio Arquer (collectively referred to herein as "the NYPD Officers") of the 75th Precinct Anti-Crime Unit received radio calls for shots fired at or near Pine Street near Belmont Avenue in Brooklyn. The radio calls included a description of a car from which the shots may have been fired. The Officers went to that intersection and noted that there was a large party at a house near the intersection of Pine Street and Belmont Avenue.

3. The NYPD Officers drove around the neighborhood looking for the car that was described on the radio calls, but did not see a car that matched the given description. The NYPD

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

Officers then returned to the house near the intersection of Pine Street and Belmont Avenue (the "house").

4.  Upon arriving back at the house, the NYPD Officers saw that the party was still ongoing, and that it was growing disorderly. Sergeant Arquer decided to shut down the party.

5.  Sergeant Arquer entered the yard of the house from one direction while Officer Mayer entered the yard from the opposite direction. As he entered the yard, Officer Mayer saw the defendant WESLEY JONES standing in the yard. JONES was looking in the direction of Sergeant Arquer as Arquer entered the yard. JONES then turned and began to walk away from Sergeant Arquer, but he continued to look back towards Sergeant Arquer. Officer Mayer was simultaneously walking towards JONES. As JONES walked toward Officer Mayer and away from Sergeant Arquer, Officer Mayer saw JONES reach into the waist band of his jeans and begin to remove a large black pistol from his waist band. JONES then looked forward and saw that Officer Mayer was within feet of him. When he saw Officer Mayer, JONES exclaimed "Oh Shit."

6.  JONES turned away from Officer Mayer and tried to run, but Officer Mayer grabbed the tee shirt that JONES was wearing. As he struggled to place JONES under arrest, Officer Mayer yelled out the word "gun." During the ensuing struggle

between Jones and Officer Mayer, JONES dropped the pistol on the ground. Sergeant Arquer, who heard Officer Mayer yell "gun," also saw the defendant drop the pistol on the ground. As Officer Mayer continued to struggle with JONES, Sergeant Arquer fell on the pistol to secure it. The defendant was then placed under arrest.

7. The weapon that JONES dropped on the ground was a Hi-Point .40 caliber semi-automatic pistol. The gun had a loaded magazine containing multiple .40 caliber hollow point live rounds. There was also a .40 caliber hollow point live round in the chamber of the pistol.

8. The defendant is currently being held in state custody. I have reviewed criminal history records for the defendant which reveal that the defendant has been convicted of at least the following crimes: (1) on May 14, 2007, the defendant was convicted in Kings County Supreme Court of Attempted Robbery in the Third Degree, a Class E felony, and sentenced to 18 months to 3 years in prison; and (2) on July 19, 1999, the defendant was convicted in Kings County Supreme Court of Robbery in the First Degree, a Class B felony, and sentenced to one to three years in prison.

9. I have spoken with an Alcohol, Tobacco, Firearms and Explosives interstate nexus expert, who informs me that the

above-mentioned Hi-Point .40 caliber semi-automatic pistol was manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant WESLEY JONES, also known as "Tayquan Johnes," so that he may be dealt with according to law.

Ray Martinez
Detective
New York Police Department

Sworn to before me this
5th day of August, 2010

E
EASTERN DISTRICT OF NEW YORK